UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY G. AUBRY, | ) | 1:06-cv-00144-OWW-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DISMISS ACTION FOR PLAINTIFF'S |
| | ) | FAILURE TO PAY THE $250.00 FILING |
| v. | ) | FEE OR FILE A COMPLETED IN FORMA |
| | ) | PAUPERIS APPLICATION, FOLLOW A |
| E. BLANCO, et al., | ) | COURT ORDER, AND PROSECUTE THE |
| | ) | CASE |
| Defendants. | ) | |
| | ) | |

Plaintiff is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

The complaint was filed on February 9, 2006, but Plaintiff neither paid the $250.00 filing fee nor submitted an application to proceed in forma pauperis. On March 17, 2006, the Court granted Plaintiff thirty days to submit a completed application to proceed in forma pauperis or to pay the filing fee. The docket reflects that on the same date, the order and a blank in forma pauperis application were served by mail on Plaintiff. Over thirty days have passed, but Plaintiff has not filed the

1

application, paid the fee, or sought an extension of time.

Local Rule 11-110 provides that "...failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions...within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate...dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

2

1 prejudice to the defendants; (4) the public policy favoring
2 disposition of cases on their merits; and (5) the availability of
3 less drastic alternatives. <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>,
4 779 F.2d at 1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at
5 1260-61; <u>Ghazali</u>, 46 F.3d at 53.
6     In this case, the Court finds that the public's interest in
7 expeditiously resolving this litigation and the Court's interest
8 in managing the docket weigh in favor of dismissal, as the case
9 has been pending since February 2006. The third factor, risk of
10 prejudice to Defendants, also weighs in favor of dismissal
11 because a presumption of injury arises from the occurrence of
12 unreasonable delay in prosecuting an action. <u>Anderson v. Air</u>
13 <u>West</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- the
14 public policy favoring disposition of cases on their merits -- is
15 greatly outweighed by the factors in favor of dismissal discussed
16 herein. Finally, a court's warning to a party that his failure to
17 obey the court's order will result in dismissal satisfies the
18 "consideration of alternatives" requirement. <u>Ferdik v. Bonzelet</u>,
19 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at
20 1424. The Court's order requiring Plaintiff to pay the filing fee
21 expressly stated that a failure of Plaintiff to pay the filing or
22 submit an application within thirty days would be considered to
23 be a failure to comply with an order of the Court pursuant to
24 Local Rule 11-110, and the action might be dismissed. Thus,
25 Plaintiff received adequate warning that dismissal would result
26 from his noncompliance with the Court's order.
27     Accordingly, the Court HEREBY RECOMMENDS that this action be
28 DISMISSED, without prejudice, pursuant to Local Rule 11-110 for

Plaintiff's failure to comply with the Court's order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 28, 2006**             /s/ Sandra M. Snyder
icido3                          UNITED STATES MAGISTRATE JUDGE